# EXHIBIT "A"

Case 5:12-cv-03332-TJS   Document 8-1   Filed 07/06/12   Page 2 of 22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE NEILL and ROBERT NEILL, both indiv.<br>And as Co-Administrators of the ESTATE OF<br>ROBERT NEILL, DECEASED<br><br>    V.<br><br>MT. JOY BOROUGH, MOUNT JOY POLICE<br>DEPARTMENT, JOHN AND/OR JANE DOES<br>(1-20), MT. JOY RESPONDING POLICE<br>OFFICERS, JOHN AND/OR JANE DOES (1-20)<br>MT. JOY SUPERVISING POLICE OFFICERS,<br>SUSQUEHANNA REGIONAL POLICE DEPT.,<br>JOHN AND/OR JANE DOES (1-20)<br>SUSQUEHANNA REGIONAL RESPONDING<br>POLICE OFFICERS and JOHN AND/OR JANE<br>DOES (1-20) SUSQUEHANNA REGIONAL<br>SUPERVISING POLICE OFFICERS,<br>PENNSYLVANIA STATE POLICE DEPT.,<br>JOHN AND/OR JANE DOES (1-20), PENNA.<br>STATE POLICE RESPONDING POLICE<br>OFFICERS, JOHN AND/OR JANE DOES (1-20)<br>PENNA. STATE POLICE SUPERVISING POLICE:<br>OFFICERS, NORTHWEST LANCASTER<br>COUNTY REGIONAL POLICE DEPT., JOHN<br>AND/OR JANE DOES (1-20) NORTHWEST<br>LANCASTER COUNTY REGIONAL<br>RESPONDING POLICE OFFICERS, JOHN AND/<br>OR JANE DOES (1-20) NORTHWEST<br>LANCASTER COUNTY REGIONAL<br>SUPERVISING POLICE AND TASER<br>INTERNATIONAL, INC. | : Civil Action No:  12-03332<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this            day of              , 2012, upon consideration of Defendants,

Mount Joy Borough and Mount Joy Police Department's, Motion to Dismiss, it is hereby

**ORDERED** and **DECREED** that all claims against Moving Defendants, are **DISMISSED**

**WITH PREJUDICE.**

_____
                                                    U.S.D.C., J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE NEILL and ROBERT NEILL, both indiv. | : | Civil Action No: 12-03332 |
| And as Co-Administrators of the ESTATE OF | : | |
| ROBERT NEILL, DECEASED | : | |
| | : | |
| V. | : | |
| | : | |
| MT. JOY BOROUGH, MOUNT JOY POLICE | : | |
| DEPARTMENT, JOHN AND/OR JANE DOES | : | |
| (1-20), MT. JOY RESPONDING POLICE | : | |
| OFFICERS, JOHN AND/OR JANE DOES (1-20) | : | |
| MT. JOY SUPERVISING POLICE OFFICERS, | : | |
| SUSQUEHANNA REGIONAL POLICE DEPT., | : | |
| JOHN AND/OR JANE DOES (1-20) | : | |
| SUSQUEHANNA REGIONAL RESPONDING | : | |
| POLICE OFFICERS and JOHN AND/OR JANE | : | |
| DOES (1-20) SUSQUEHANNA REGIONAL | : | |
| SUPERVISING POLICE OFFICERS, | : | |
| PENNSYLVANIA STATE POLICE DEPT., | : | |
| JOHN AND/OR JANE DOES (1-20), PENNA. | : | |
| STATE POLICE RESPONDING POLICE | : | |
| OFFICERS, JOHN AND/OR JANE DOES (1-20) | : | |
| PENNA. STATE POLICE SUPERVISING POLICE: | | |
| OFFICERS, NORTHWEST LANCASTER | : | |
| COUNTY REGIONAL POLICE DEPT., JOHN | : | |
| AND/OR JANE DOES (1-20) NORTHWEST | : | |
| LANCASTER COUNTY REGIONAL | : | |
| RESPONDING POLICE OFFICERS, JOHN AND/ | : | |
| OR JANE DOES (1-20) NORTHWEST | : | |
| LANCASTER COUNTY REGIONAL | : | |
| SUPERVISING POLICE AND TASER | : | |
| INTERNATIONAL, INC. | : | |

### DEFENDANTS, MOUNT JOY BOROUGH AND MOUNT JOY POLICE DEPARTMENT'S,  MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12 (b)(6)

Defendants, Mount Joy Borough and Mount Joy Police Department, by and through their

undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Joseph J. Santarone,

Jr., Esquire, file this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and aver:

1.     Plaintiffs instituted this action by filing a Complaint in the Eastern District of Pennsylvania on or about June 13, 2012.  (A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A").

2.     Plaintiffs' Complaint alleges violation of their civil rights pursuant to 42 U.S.C. §1983 under the Fourth, Eighth and Fourteenth Amendments, pendent state tort claims, and <u>Monell</u> claims.

3.     Plaintiffs' <u>Monell</u> claims should be dismissed for failure to state a claim.

4.     Plaintiffs' claims pursuant to the Eighth Amendment should be dismissed for failure to state a claim.

5.     Plaintiffs' claims against the Police Department should be dismissed as the Borough and the Police Department are not separate sueable entities.

6.     Plaintiffs' claims pursuant to the 14th Amendment are subsumed by their claims pursuant to the 4th Amendment.

7.     Plaintiffs' claims of individual liability against the municipal defendants at Counts I and II are not actionable, and/or are encompassed by their claims at Counts II & V (Monell).

8.     Plaintiffs' claims of respondeat superior and vicarious liability are not actionable against the Moving Defendants and should be dismissed for failure to state a claim.

9.     Plaintiffs' prayer for punitive damages should be stricken.

10.     For the reasons more fully set forth in the Memorandum of Law, which is attached hereto and incorporated herein by reference, Plaintiff's Complaint should be dismissed, as to Moving Defendants, with prejudice.

WHEREFORE, Defendants, Mount Joy Borough and the Mount Joy Police Department,

respectfully request this Honorable Court dismiss Plaintiff's Complaint, with prejudice, and enter

the Order attached hereto.


                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN


                    BY:     s/Joseph J. Santarone, Jr.
                            JOSEPH J. SANTARONE, JR., ESQUIRE
                            ID#  PA45723
                            620 Freedom Business Center, Suite 300
                            King of Prussia, PA 19406
                            (610) 354-8282 Fax (610) 354-8299
                            Email:  jjsantarone@mdwcg.com
                            Attorney for Defendants, Mount Joy Borough and
                            Mount Joy Police Department

DATE:  7/6/12
26/1986186.v1


                                    3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE NEILL and ROBERT NEILL, both indiv. : | Civil Action No: 12-03332 |
| And as Co-Administrators of the ESTATE OF : | |
| ROBERT NEILL, DECEASED : | |
| : | |
| V. : | |
| : | |
| MT. JOY BOROUGH, MOUNT JOY POLICE : | |
| DEPARTMENT, JOHN AND/OR JANE DOES : | |
| (1-20), MT. JOY RESPONDING POLICE : | |
| OFFICERS, JOHN AND/OR JANE DOES (1-20) : | |
| MT. JOY SUPERVISING POLICE OFFICERS, : | |
| SUSQUEHANNA REGIONAL POLICE DEPT., : | |
| JOHN AND/OR JANE DOES (1-20) : | |
| SUSQUEHANNA REGIONAL RESPONDING : | |
| POLICE OFFICERS and JOHN AND/OR JANE : | |
| DOES (1-20) SUSQUEHANNA REGIONAL : | |
| SUPERVISING POLICE OFFICERS, : | |
| PENNSYLVANIA STATE POLICE DEPT., : | |
| JOHN AND/OR JANE DOES (1-20), PENNA. : | |
| STATE POLICE RESPONDING POLICE : | |
| OFFICERS, JOHN AND/OR JANE DOES (1-20) : | |
| PENNA. STATE POLICE SUPERVISING POLICE: | |
| OFFICERS, NORTHWEST LANCASTER : | |
| COUNTY REGIONAL POLICE DEPT., JOHN : | |
| AND/OR JANE DOES (1-20) NORTHWEST : | |
| LANCASTER COUNTY REGIONAL : | |
| RESPONDING POLICE OFFICERS, JOHN AND/ : | |
| OR JANE DOES (1-20) NORTHWEST : | |
| LANCASTER COUNTY REGIONAL : | |
| SUPERVISING POLICE AND TASER : | |
| INTERNATIONAL, INC. : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, MOUNT JOY BOROUGH AND THE MOUNT JOY POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12 (b)(6)

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs instituted this action by filing an Complaint in the Eastern District of

Pennsylvania on or about June 13, 2012.  (A copy of Plaintiffs' Complaint is attached as Exhibit

"A, hereafter "Complaint").

Plaintiffs, Nicole Neill and Robert Neill, both individually and as co-administrators of the Estate of Robert Neill, bring this action against a variety of law enforcement entities, and Taser International, Inc., the manufacturer of a weapon utilized by police, against Robert Neill. (Id.). It is Plaintiffs' contention that Plaintiffs' decedent was a Vietnam war veteran who suffered from mental and emotional illnesses and disabilities, including a seizure disorder, schizophrenia, bipolar disorder and Post Traumatic Stress Disorder (PTSD). (Exhibit "A" at ¶ 5). Plaintiffs identifies Mount Joy Borough and the Mount Joy Police Department, the Moving Defendants, at paragraphs 7 and 8 of the Complaint. (Id. at ¶¶ 7, 8). In addition, Plaintiff has named a variety of John and Jane Does, along with the Susquehanna Regional Police Department (Id. at ¶ 11), Pennsylvania State Police (Id. at ¶ 14) and the Northwest Lancaster County Regional Police Department (Id. at ¶ 17).

It is Plaintiffs' contention that on or about November 6, 2010 at approximately 4:00 a.m., Plaintiff's decedent, Robert Neill, placed a 911 call requesting assistance at his residence. (Id. at ¶ 22). Numerous police officers responded to the call. (Id. at ¶¶, 23-30). It is Plaintiffs' contention that the responding police officers and supervisors utilized electronic control weapons (including tasers, pepper/chemical spray and physical restraint), as against Plaintiffs' decedent. (Id. at ¶ 35). Further, Plaintiffs' Complaint alleges that the individual officers did not provide timely first aid to Plaintiffs' decedent. (Id. at ¶¶ 68-75). Plaintiffs' decedent "ceased having a pulse, and coded at 5:18 a.m. on November 6, 2010." (Id. at ¶ 84). "Plaintiffs' decedent's cause of death was ruled by the investigating forensic pathologist to be "cardiac dysrhythmia."" (Id. at ¶ 85).

## II.        ALLEGATIONS OF PLAINTIFF'S COMPLAINT

At Count I, Plaintiffs allege excessive force against "the law enforcement defendants", defined as to include Moving Defendants, Mount Joy Borough and Mount Joy Police Department.  At Count II, Plaintiffs allege a failure to promulgate policies, a <u>Monell</u> claim, against "the law enforcement defendants".  At Count III, Plaintiffs allege a failure to provide medical care, as a constitutional violation, as against "the law enforcement defendants".  At Count IV, Plaintiffs bring a claim of "state created danger" against "the law enforcement defendants".  At Count V, Plaintiffs allege a failure to train or supervise, a <u>Monell</u> violation, against "the law enforcement defendants", alleging that officers failed to use the "lease possible level of force" against Plaintiffs' decedent.  (Exhibit "A" at ¶ 138).

At Count VI, Plaintiffs allege "respondeat superior and vicarious liability" against "the law enforcement defendants.  At Counts VII and VIII, Plaintiffs bring claims against Taser International.  At Counts IX and X, Plaintiffs bring wrongful death and a survivor action against all defendants.

## III.       STANDARD OF REVIEW

When considering a Motion to Dismiss under the Federal Rules, the Court must accept as true, well pled allegations in plaintiff's Complaint, and construe them in a light most favorable to the plaintiff.  The court may dismiss the claim if it appears beyond a reasonable doubt, that plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief. <u>Labove v. Lalley</u>, 809 F.2d. 220 (3d Cir. 1987).  The court may consider Exhibits attached to the Complaint, and matters of public record.  <u>Benefit Guarantee Corp. v. White Consol Industries</u>, 998 F. 2d. 1192, 1196 (3d. Cir. 1993).

The Supreme Court clarified its position on the standard under a Motion to Dismiss, in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  The "no set of facts standard"

found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), has been abrogated in favor of requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. 1974. As a result of the Twombly holding, plaintiffs must have "nudged [their] claim across the line from conceivable to plausible, or the complaint must be dismissed." (Id.).

> While a complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulated recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

(Id. at 1964-65) (citations omitted).

The Supreme Court has cautioned against bare bones pleading, in Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (2009), where the Court held:

> As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, Defendant-unlawfully-harmed-me accusation. Id. at 555…A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not due." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." Id. at 557.

Ashcroft, 2009 U.S. LEXIS 3472 at *28.

As the Court went on to hold, plaintiffs need not prove their case at the complaint stage, utilizing a probability requirement, but rather, must meet a plausibility standard that asks for more than "a sheer possibility that a defendant has acted unlawfully." Id.

The court does not have to accept every allegation of Plaintiff's Complaint as true. The court need not credit "bold assertions" or "legal conclusions" in a Complaint, when deciding a Motion to Dismiss. Burlington Coat Factory SEC Litigation, 114 F. 3d. 1410, 1429-30 (3d. Cir.

1997).  Further, unsupported conclusions and unwarranted inferences need not be accepted as

true.  Flannigan v. Shively, 783 F. Supp. 926, 927 (M. D. Pa. 1992).

IV.     **LEGAL ARGUMENT**

A.     **Plaintiffs' Monell Claim Should be Dismissed with Prejudice**[1]

A municipality can be held liable under §1983 only if plaintiff shows that the actions that

were violative of their Civil Rights, implemented a policy, ordinance or custom of the local

government or were committed by an  official high enough in government so that the actions can

fairly be said to represent a government decision.  Monell v. Department of Social Services, 436

U.S. 658, 694 (1978).

Plaintiffs must provide evidence that the government unit itself supported a violation of

plaintiff's constitutional rights.  Bielevich v. Dubinon, 915 F.2d 845, 850 (3rd Cir. 1990);  Monell

436 U.S. at 695.  The United States Supreme Court in Monell held that a Civil Rights Complaint

against a  municipality or its agency must allege:

1. The existence of a custom or a policy of the municipality, which is
   of such long standing to have the force of law; and

2. That one of the municipality's employees violated the plaintiff's
   Civil Rights while acting pursuant to this custom or policy.

Id.

Municipalities  do  not  cause  constitutional  deprivations  merely  by  hiring  alleged

tortfeasors.  Rather, the complained of injury must be causally linked to a custom or policy of a

municipality pursuant to which an employee was acting.  Beck v. City of Pittsburgh, 89 F.3d

966, 972 (3d Cir. 1996).

---

[1]  §1983 does not permit the imposition of liability upon a supervisory official for the conduct of a subordinate based
solely on respondeat superior Monell v. The Department of Social Services, 436 U.S. 658, 691 (1978)  Further, if
there is no constitutional violation in the first place, there can be no claim of supervisory liability, Los Angeles v.

The municipality or its agency may be held liable for acts that it has ordered. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986). It also may be liable by virtue of action taken by its own officials when those officials have "the final authority to establish municipal authority with respect to the action ordered." <u>City of St. Louis v. Paprotnik</u>, 45 U.S. 112 (1988).

Plaintiffs must also show a causal link between the alleged custom or policy and the alleged §1983 violation and concomitant harm. In short, "a municipality can be liable under §1983 only where its policies are the 'moving force behind the violation.'" <u>City of Canton v. Harris</u>, 489 U.S. 379, 386 (1989) (quoting <u>Monell</u>, 436 U.S. at 694).

Plaintiffs have identified no such custom, practice or policy. To the extent Plaintiffs allege that the actions of the municipal defendants amount to <u>Monell</u> liability pursuant to a theory of "vicarious liability," this is precisely the theory against which the Supreme Court has consistently warned:

> We have consistently refused to hold municipalities liable under a theory of respondent superior. See <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 818, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985) (plurality opinion); id., at 828 (opinion of Brennan, J.); <u>Pembaur</u>, 475 U.S. at 478-479; <u>St. Louis v. Praprotnik</u>, 485 U.S. 112, 122, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988) (plurality opinion); id., at 137 (opinion of Brennan, J.); <u>Canton v. Harris</u>, 489 U.S. 378, 392, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989).

<u>Bd. of the County Comm's v. Brown</u>, 520 U.S. 397 (1997).

Claims of constitutional violations cannot be based on respondent superior, and require some level of personal involvement by an alleged offender. To establish personal liability in a §1983 action, Plaintiff must demonstrate that a government official, acting under color of state law, caused the deprivation of a federally protected right. <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991).

---

<u>Heller,</u> 475, U.S. 796, 799 (1986). As applied to Plaintiff's <u>Monell</u> claims, if no underlying constitutional violation can be established, this claim fails, as a matter of law.

There is, of course, a distinction between §1983 claims brought against a public official in his or her personal capacity, as opposed to official capacity.  As explained by the United States Supreme Court, "official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

A state actor can be held liable under §1983, only if the Plaintiff shows that the actions that were violative of his or her civil rights, implemented a policy, ordinance or custom of the state actor, or were committed by an official high enough, so that the actions can fairly be said to represent a government decision.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).

To the extent plaintiff's claims allege failure to train, discipline and supervise, they fail, as well.

The Court of Appeals for the Third Circuit has long held that "a failure to train, discipline or control can only form the basis for §1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident, or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate."  <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 127 (3d Cir., 1998);  <u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20, 25 (3d Cir., 1997);  <u>Freedman v. City of Allentown</u>, 853 F.2d 1111, 1117 (3d Cir., 1988). More specifically, a plaintiff "must show that a 'reasonable municipal policymaker had knowledge of a pattern of prior incidents or knowledge of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question.'" <u>Cacciatore v. City of Philadelphia</u>, 2005 U.S. Dist. Lexis 19064, *1, *6 (E.D. Pa., Sept. 1, 2005) (quoting,

Garcia v. County of Bucks, 155 F. Supp. 2nd 259, 268 (E.D. Pa., 2001)); Strauss v. Walsh, 2002 U.S. Dist. Lexis 24717, *1, *10 (E.D. Pa. Dec. 18, 2002); Altieri v. Pennsylvania State Police, 2000 U.S. Dist. Lexis 5041, *1, *39-40 (E.D. Pa., April 20, 2000).

Further, in Pennsylvania, Officer Training is governed by state law. All persons employed as Police Officers in the Commonwealth must be certified by MPOETC. See, 53 Pa. C.S. §2161 et seq., see also, Colbert v. Angstad, 169 F. Supp. 2d 352, 358 Note 9 (E.D. Pa., 2001). As a requirement for continued certification, all police officers must receive both basic training (i.e., Act 120 Training) and annual training (i.e., Act 180 Training). Id.

Numerous Courts have held that where a state imposes training standards, adherence to those standards bars any finding that the police department was deliberately indifferent to the need for additional training. See, Tapia v. City of Greenwood, 965 F.2d 336, 339 (7th Cir., 1992); Ross v. Town of Austin, 2002 W.L. 31160139, at *9 (S.D. IN, Sept. 23, 2002); Johnson v. City of Milwaukee, 41 F. Supp. 2d 917, 931 (E.D. WIS, Feb. 25, 1999); Williams v. Musser, 1997 Westlaw 403509, at *10 (N.D. IL, July 16, 1997).

For example, in Carswell, the Third Circuit found that the plaintiff failed to establish deliberate indifference or causation where the Police Chief "testified that Officers attend annual in-service courses, where they study, among other subjects, relevant Court Opinions" and he "updated the [Police Manual]… and directed his officers to become familiar with the updated Policy Manual, which covered the 'Continuum of Force.'" The Court explained that "[t]his evidence did not establish a lack of training on the use of deadly force that amounted to a deliberate indifference, nor does it demonstrate a pattern of underlying constitutional violations that should have alerted [the municipality] to an inadequate training program." Id. at 245. Thus, the Third Circuit held that the plaintiff failed to "meet the high burden of proving deliberate

indifference." Id.  Likewise, in Tapia, Police Officers conducted a warrantless search of the

plaintiff's home.  Following the search, the plaintiff commenced an action against the police

department, alleging that it failed to train its officers with regard to such searches.  At the end of

Trial, the jury returned a verdict against the defendant.  On Appeal, the police department argued

that the evidence was insufficient to establish the City had a constitutionally deficient program of

training its officers, because the training complied with the minimum standards under state law.

The Seventh Circuit agreed, explaining as follows:

> In Indiana, police officer training is governed by state law.  Ms.
> Tapia offered no evidence to indicate that the city failed to adhere
> to the minimum standards for training police officers under Indiana
> law…From this evidence, we cannot say that "the need for
> enhanced training [was] so     obvious and the inadequacy of
> training [was] so likely to result in the violation of constitutional
> rights, that the jury could reasonably attribute to the policymakers,
> a deliberate indifference to those training needs."

Id.  (Citation omitted).

In the matter at bar, to the extent Plaintiffs have alleged that the municipal defendants

engaged in a failure to train, discipline or supervise, without identifying the area where the

municipality is deficient, beyond boilerplate legal conclusions couched as facts, or a direct act

that should amount to liability for failure to discipline or train, their claims fail.  Plaintiffs have

insufficiently alleged a custom, practice or policy to support Monell liability, as a matter of law.

Plaintiffs have made legal conclusions, and couched them as facts, exactly the harm that

the Supreme Court has sought to cure with Iqbal and Twombly rulings.  Plaintiff states, in

conclusory fashion, that the Borough has customs, practices or policies, that are violative of

Constitutional rights, merely by virtue of the allegation that individual employees committed

Constitutional violations.  The law requires that their conclusory claims be dismissed with

prejudice.

9

### B. Plaintiffs' Claims Under the Eighth Amendment Must be Dismissed.

Plaintiffs make claims pursuant to the Eighth Amendment.  Such claims cannot stand as a matter of law.  Eighth Amendment scrutiny is appropriate only after one has been convicted of, and sentenced for, a crime.  Bell v. Wolfish, 441 U.S. 520, 537 (1979).  It is appropriate only after the state has complied with the Constitutional guarantees traditionally associated with criminal prosecution.  Id.  The state does not acquire the power to punish with which the Eighth Amendment is concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.  Id.  As Plaintiffs have failed to state a claim under the Eighth Amendment, that claim should be dismissed with prejudice.

### C. Plaintiffs' Claims Against both Mount Joy Borough and the Mount Joy Police Department

Plaintiffs have brought suit against both Mount Joy Borough and the Mount Joy Police Department.  The police department is not a separate sueable entity, merely a subunit of a municipality of which it is a part.  It is, therefore, not amenable to suit.  Dooley v. City of Phila., 153 F.Supp.2d 628, 637 (E.D. Pa. 2001).  Claims against the police department merge with those against the Borough itself, and the Police Department should be dismissed as a matter of law.

### D. Claims Under Both the Fourth and Fourteenth Amendments

Plaintiffs bring civil rights claims under both the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.  The Fourth Amendment is, of course, made applicable to the states by the Fourteenth Amendment.  See e.g., Albright v. Oliver, 510 U.S. 266, 272-73 (1994) citing Mapp v. Ohio, 367 U.S. 643 (1961).  However, to the extent Plaintiffs are attempting to assert a substantive due process claim under the Fourteenth Amendment, it is subsumed by their Fourth Amendment claim.  See, Graham v. Connor, 490 U.S. 386, 388 (1989) (claim that police used excessive force while making arrest is properly analyzed under Fourth Amendment's

objective reasonableness standard, rather than Fourteenth Amendment due process standard);

Chatman v. City of Johnstown 2005 W.L. 1127125, *1 (3d Cir. 2005) (district court properly

ruled that Fourteenth Amendment did not provide basis for claim that arrest was made with

excessive force).  An equal protection claim fails as a matter of law, as well, because nothing in

the Complaint suggests that Plaintiff was treated differently from other individuals, similarly

situated, on account of membership in a protected class.  City of Cleburne v. Cleburne Living

Center, 473 U.S. 432, 439 (1985).  Plaintiffs' Fourteenth Amendment claim, subsumed by their

Fourth Amendment claim, should be dismissed with prejudice.

**E.    Plaintiffs have failed to alleged acts which suggest individual action taken by Defendants, Borough and Police Department, under color of state law, which deprived them of a federally protected right**

To establish personal liability in a §1983 action, plaintiff must show that a government

*official*, acting under color of state law, cause the deprivation of the federally protected right.

Hafer v. Melo, 502 U.S. 21, 25 (1991).  Nonetheless, plaintiff has identified "the law

enforcement defendants" in their excessive force (count I), failure to provide medical care

(Count III) claims, pursuant to 42 U.S.C. §1983.  As they have not, and cannot, allege individual

conduct by these two defendants, or even that they were present during any Constitutional

violation, no Constitutional liability attaches.

The distinction between a §1983 action against a municipal defendant in their personal

capacity, as opposed to their official capacity, has been explained by the United States Supreme

Court as:

> Personal capacity suits seek to impose personal liability upon a
> government official for actions he takes under color of state law.
> Official capacity suits, in contrast, generally represent only another
> way of pleading an action against an entity of which an officer is
> an agent.  Graham, 473 U.S. 159, 166 (1985).

In a §1983 lawsuit, the defendant must have personal involvement in the alleged wrongs as liability cannot be based solely on the doctrine of agency or Respondeat Superior.  Paratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981).  Thus, in order to successfully establish individual liability, plaintiff must plead and ultimately prove, that the defendant was personally involved in the conduct, or that the defendant had actual knowledge and acquiesced in said conduct.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir., 1988).

Personal involvement can be shown through allegations of personal direction or actual knowledge or acquiescence.  Id.  However, allegations of participation, actual knowledge or acquiescence must be made with particularity.  Id.  In Rode, plaintiff was a civilian employee of the Pennsylvania State Police, who filed a  retaliatory harassment claim asserting that Governor Thornburgh had personal knowledge of retaliatory harassment because of newspaper articles throughout the state, and the introduction of a legislative resolution seeking an investigation into racially motivated retaliation against Pennsylvania State Police employees.  Id. at 1197, 1207. The Court held that these allegations were insufficient to show participation or actual knowledge or acquiescence.  Id. at 1207.

In Halstead v. Motorcycle Safety Found. Inc., 71 F. Supp. 2nd 464, 473 (E.D. Pa., 1999), the plaintiff invoked §1983 for what he alleged was retaliation for statements that he made to the news media.  The Complaint vaguely averred that the decision not to hire plaintiff was based upon "the decisions, requests or actions of [defendants]…as a result of plaintiff exercising his First Amendment right…"  Halstead, 71 F. Supp. 2nd at 474.  In granting Defendants' Motion to Dismiss, the Court held that "[a]s a threshold matter, it is impossible to determine from the Amended Complaint, which of these three defendants took which action or how their decisions, requests or actions influenced [a co-defendant]."  Id. Likewise, in a Civil Rights action against

the Director of a prison program, the Court dismissed a §1983 claim on the grounds that the Complaint "does not provide a time for the alleged deprivation, who is responsible, in what manner it was done, or any other details." Youse v. Carlucci, 867 F. Supp. 317, 319 (E.D. Pa., 1994).

Further, Plaintiffs claims against the municipal defendants at Counts I & III are encompassed by their Monell claims at Count II and V. Plaintiffs' claims of individual liability, against the municipal defendants, should therefore be dismissed with prejudice.

### F.   <u>Vicarious Liability</u>

At Count VI, Plaintiffs allege "respondeat superior and vicarious liability" against "the law enforcement defendants". To the extent Plaintiff alleges that the actions of the individual defendants amounts to <u>Monell</u> liability pursuant to a theory of "vicarious liability," this is precisely the theory against which the Supreme Court has consistently warned:

> We have consistently refused to hold municipalities liable under a theory of respondeat superior. See <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 818, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985) (plurality opinion); id., at 828 (opinion of Brennan, J.); <u>Pembaur</u>, 475 U.S. at 478-479; <u>St. Louis v. Praprotnik</u>, 485 U.S. 112, 122, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988) (plurality opinion); id., at 137 (opinion of Brennan, J.); <u>Canton v. Harris</u>, 489 U.S. 378, 392, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989).

<u>Bd. of the County Comm's v. Brown</u>, 520 U.S. 397  (1997).

Claims of Constitutional violations cannot be based on respondeat superior, and require some level of personal involvement by an alleged offender. To establish personal liability in a §1983 action, Plaintiff must demonstrate that a government official, acting under color of state law, caused the deprivation of a federally protected right. <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991).

There is, of course, a distinction between §1983 claims brought against a public official in his or her personal capacity, as opposed to official capacity. As explained by the United

States Supreme Court, "official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).

A state actor can be held liable under §1983, only if  the Plaintiff shows that the actions that were violative of his or her civil rights, implemented a policy, ordinance or custom of the state actor, or were committed by an official high enough, so that the actions can fairly be said to represent a government decision.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

As such, Plaintiffs claims at Count VI of the Complaint, should be dismissed as to the moving defendants.

### G.    Punitive Damages

Punitive damages are not available against municipal entities and Moving Defendants in their official capacities, as a matter of law.  Under §1983, "in order to obtain such damages, a plaintiff must establish facts of record to prove that the individuals knowingly and maliciously deprived the plaintiff of his Civil Rights."  Ruiz v. Philadelphia Housing Authority, 1998 U.S. Dist. Lexis 3925 (E. D. Pa. March 17, 1998).  Punitive damage claims cannot stand against a municipality or its officers in their official capacities.  Feingold v. Septa, 512 Pa. 567 (1986).  In Feingold, the Pennsylvania Supreme Court, quoting the Supreme Court of United States, offered the rationale for prohibiting a punitive damage claim against a municipality:

> In general, Courts viewed punitive damages as contrary to sound public policy, because such awards would burden the very taxpayers and citizens for whose benefit the wrongdoer was being chastised.  The Courts readily distinguish between liability to compensate for injuries inflicted by a municipality's officers and agents, and vindictive damages appropriate as punishment for the bad faith conduct of those same officers and agents. Compensation was an obligation improperly shared by the municipality itself, whereas punishment properly applied only to

the actual wrongdoers.  Courts thus protected the public from
unjust punishment and the municipalities from undue fiscal
constraints.  Newport v. Fact Concerts, Inc.. 453 U.S. 247, 263
(1981).

Feingold, 512 Pa at 579-580.

The law is clear that punitive damages may not stand against a municipality or employees

in their official capacity.  E-Z Parks, Inc. v. Phila. Parking Authority E-Z, 110 Pa. Cmwlth. 629

(1987) (Local agency cannot be held liable for punitive damages); Bensalem v. Press, 93 Pa.

Cmwlth. 235 (1985) (No legitimate purpose served by punitive damages against municipalities,

as taxpayers ultimately harmed); Young v. East Berlin, 4 Pa. D. & C. 4th 140 (Pa. CCP 1989)

(Punitive damages may not lie against a municipality).

As these damages are also not available against the Borough or Police Department,

Plaintiffs' prayer for damages, in the form of punitive damages, should be stricken, as to the

Moving defendants.

WHEREFORE, for the reasons more fully stated herein, Plaintiffs' Complaint, as to the

Moving Defendants, should be dismissed, with prejudice.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:   s/Joseph J. Santarone, Jr.
        JOSEPH J. SANTARONE, JR., ESQUIRE
        ID#  PA45723
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8282 Fax (610) 354-8299
        Email:  jjsantarone@mdwcg.com
        Attorney for Defendants, Mount Joy Borough and
        Mount Joy Police Department

DATE: 7/6/12
26/1986186.v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLE NEILL and ROBERT NEILL, both indiv.  : Civil Action No:  12-03332
And as Co-Administrators of the ESTATE OF      :
ROBERT NEILL, DECEASED                          :
                                                :
     V.                                           :
                                                :
MT. JOY BOROUGH, MOUNT JOY POLICE              :
DEPARTMENT, JOHN AND/OR JANE DOES              :
(1-20), MT. JOY RESPONDING POLICE              :
OFFICERS, JOHN AND/OR JANE DOES (1-20)         :
MT. JOY SUPERVISING POLICE OFFICERS,           :
SUSQUEHANNA REGIONAL POLICE DEPT.,             :
JOHN AND/OR JANE DOES (1-20)                    :
SUSQUEHANNA REGIONAL RESPONDING                :
POLICE OFFICERS and JOHN AND/OR JANE           :
DOES (1-20) SUSQUEHANNA REGIONAL               :
SUPERVISING POLICE OFFICERS,                    :
PENNSYLVANIA STATE POLICE DEPT.,               :
JOHN AND/OR JANE DOES (1-20), PENNA.           :
STATE POLICE RESPONDING POLICE                  :
OFFICERS, JOHN AND/OR JANE DOES (1-20)         :
PENNA. STATE POLICE SUPERVISING POLICE:
OFFICERS, NORTHWEST LANCASTER                   :
COUNTY REGIONAL POLICE DEPT., JOHN             :
AND/OR JANE DOES (1-20) NORTHWEST              :
LANCASTER COUNTY REGIONAL                       :
RESPONDING POLICE OFFICERS, JOHN AND/          :
OR JANE DOES (1-20) NORTHWEST                    :
LANCASTER COUNTY REGIONAL                       :
SUPERVISING POLICE AND TASER                    :
INTERNATIONAL, INC.                             :

## CERTIFICATE OF SERVICE

     I, JOSEPH J. SANTARONE, JR., ESQUIRE, do hereby certify that a true and correct copy of Defendants, Mount Joy Borough and Mount Joy Police Department's,  Motion to Dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12 (b)(6), was electronically filed with the Court on July 6, 2012 and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


BY:   s/Joseph J. Santarone, Jr.
      JOSEPH J. SANTARONE, JR., ESQUIRE
      ID#  PA45723
      620 Freedom Business Center, Suite 300
      King of Prussia, PA 19406
      (610) 354-8282 Fax (610) 354-8299
      Email:  jjsantarone@mdwcg.com
      Attorney for Defendants, Mount Joy Borough and
      Mount Joy Police Department